In the Matter of Ryan James Green and
Rachael Sarah Kasper, Children.

## STATE ex rel JUVENILE DEPARTMENT OF LINCOLN COUNTY et al,
*Appellants,*

*v.*

## ASHLEY,
*Respondent.*

(860185; CA A61020)

790 P2d 547

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michelle Longo Eder, Lincoln City, argued the cause and submitted the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

The state appeals the juvenile court's dismissal of its petition to terminate mother's parental rights in her two children, arguing that the court wrongly excluded evidence on the basis of the psychotherapist-patient privilege. On *de novo* review, we reverse and remand.

At the termination hearing, mother did not deny that, because of her addictive use of controlled substances, she was unfit as a parent when she entered prison in December, 1988.[1] However, she argued that her unfitness had ended, because, since her incarceration, she had become drug-free, had experienced a spiritual change and had resolved to work toward a return of her children. She testified that she is able to remain drug-free and that she would benefit from Teen Challenge, a residential drug treatment program that she intended to enter after her prison release.

In rebuttal, the state argued that mother's unfitness has not ended, because, despite her recent abstinence, she is still addicted to controlled substances. The state called Druther, an alcohol and drug counselor employed by Lincoln County, and Doster, a Lincoln County mental health social worker, to testify about mother's drug and alcohol treatment before she went to prison. However, the juvenile court held that Druther and Doster were psychotherapists and that mother could assert the psychotherapist-patient privilege as to their testimony. The court also excluded the state's offer of mother's treatment file from Crossroads, a residential drug treatment program that she had completed in June, 1986. The state argues that the court erred in excluding the evidence, because the privilege does not apply to consultations for drug dependency. We agree.

■   Oregon's psychotherapist-patient privilege is governed by OEC 504. OEC 504(2) provides:

"A patient has a privilege to refuse to disclose and to

---

[1] On December 3, 1988, mother pled guilty to three counts of forgery and was sentenced to five years in prison. She was incarcerated in the Lincoln County Jail until December 28, 1988, when she was transferred to the Oregon Women's Correctional Center. She was transferred to the Women's Release Center in February, 1989, where she was residing at the time of the termination hearing.

prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition among the patient, the patient's psychotherapist or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family."

OEC 504(1)(c) provides:

" 'Psychotherapist' means a person who is:

"(A)   Licensed, registered, certified or otherwise authorized under the laws of any state to engage in the diagnosis or treatment of a mental or emotional condition; or

"(B)   Reasonably believed by the patient so to be, while so engaged."

OEC 504 essentially mirrors the language of *proposed* FRE 504,[2] with one exception: It specifically excludes language describing drug addiction as a type of mental or emotional condition to which the psychotherapist-patient privilege applies. The official legislative commentary explains:

"The Legislative Assembly intends to exclude, from the definition of 'psychotherapist,' a person who is specifically consulted for a problem of drug and alcohol dependency." Kirkpatrick, *supra* n 2, at 243.

Mother consulted Druther and Doster for her problem of drug dependency. Both treated her in outpatient drug

---

[2] *Proposed* FRE 504 was approved by the United States Supreme Court and submitted to Congress, but not enacted. Kirkpatrick, *Oregon Evidence* 243 (1989). It reads:

"A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of the his mental or emotional condition, *including drug treatment,* among himself, his psychotherapist or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family." (Emphasis supplied.)

"Psychotherapist" was defined as

"a person authorized to practice medicine in any state or nation, or reasonably believed by the patient so to be, while engaged in the diagnosis or treatment of a mental or emotional condition, *including drug addiction*[.]" *Proposed* FRE 504(a)(2). (Emphasis supplied.)

therapy through the Lincoln County Mental Health Department. Because neither is a psychotherapist within the definition of OEC 504, mother could not claim a privilege as to their testimony. The same reasoning applies to the Crossroads file.

■ Mother argues that, if the privilege does not apply, the exclusion of the treatment file and the testimony was harmless error. She contends that there was sufficient evidence to establish the extent and nature of her addiction up until her incarceration and that to admit more would have been merely cumulative. We disagree. The primary issue is not whether she was addicted to controlled substances, but whether she is capable of recovering from her dependency in the foreseeable future, which would allow the reintegration of her children into her home. Because the excluded evidence could contain information crucial to that determination, its exclusion was not harmless.

Reversed and remanded.